Mark E. Hindley (No. 7222)
Landon A. Allred (No. 12428)
Lauren E. Hosler (No. 14205)
STOEL RIVES LLP
Suite 1100, One Utah Center
201 South Main Street
Salt Lake City, Utah 84111
Telephone: (801) 328-3131
*mark.hindley@stoel.com*
*landon.allred@stoel.com*
*lauren.hosler@stoel.com*

Attorneys for Plaintiff
DZV Distributing LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| DZV Distributing LLC, a Utah limited liability company,<br><br>           Plaintiff,<br><br>v.<br><br>Jay Yates, an individual,<br><br>           Defendant. | **COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Civil Action No. 2:16-cv-00093<br><br>The Honorable Judge Tena Campbell |

Plaintiff DZV Distributing LLC ("DZV"), by and through its attorneys, Stoel Rives LLP,

alleges for its complaint against Jay Yates ("Yates") as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      DZV is Utah limited liability company, with a sole member who resides in Salt

Lake County, State of Utah.

2.      Yates is an individual residing in Salt Lake County, State of Utah.

3.      This complaint includes causes of action for Copyright Infringement (17 U.S.C. § 501), False Advertising (15 U.S.C. § 1125(a)), violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), and violation of the Stored Communications Act (18 U.S.C. § 2701).

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it involves a federal question, and pursuant to 28 U.S.C. § 1338 as it involves claims under the Copyright Act, 17 U.S.C. § 101 *et seq.* This Court has supplemental jurisdiction over the claims that arise under Utah law pursuant to 28 U.S.C. § 1338(b) in that they are substantially related to the claims that arise under the Copyright Act of the United States. Furthermore, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

5.      This Court has personal jurisdiction over Yates because he is a resident and citizen of the State of Utah.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**A.      ProLine's Business**

7.      DZV operates under the registered dba ProLine Range Hoods ("ProLine").

8.      ProLine specializes in selling stainless steel hoods for kitchen stoves.

9.      ProLine sells their hoods through an online website located at *http://www.prolinerangehoods.com/* (the "ProLine Website"). The ProLine Website is a copyright-protected work owned by ProLine.

-2-

10.     ProLine sells its hoods using the ProLine mark (the "Mark"). ProLine has established common law rights to the Mark, which enjoys a high level of consumer recognition and goodwill for ProLine, and it is relied upon by the consuming public to distinguish ProLine's products and related services from those of its competitors.

**B.      ProLine's Use of Yates' Services**

11.     Yates is a computer-consultant who operates under the name "Yates Web Consulting."

12.     DZV hired Yates as a subcontractor to assist with managing and maintaining the ProLine Website.

13.     Accordingly, DZV gave Yates access to the ProLine computer systems in order to manage the ProLine Website. However, Yates was not given access to the email accounts of any ProLine employees.

**C.      Yates' Theft of ProLine's Inventory**

14.     After Yates began working for ProLine, and without permission from ProLine, Yates copied significant portions of the ProLine Website onto a separate website he had created for himself (the "Yates Website").

15.     The Yates Website listed ProLine products for sale using the ProLine Mark without permission. The Yates Website copied product numbers, product descriptions, and photographs directly from the ProLine Website without permission.

16.     When customers called ProLine to purchase ProLine range hoods, Yates directed those customers to the Yates Website instead of the ProLine Website and led them to believe that the Yates Website was authorized by ProLine.

17.     Yates' personal telephone number was listed on the Yates Website.

18.     The physical address listed on the Yates Website is the location of a UPS store near Yates' home.

19.     Yates processed payment for items purchased through the Yates Website through a separate account and provided no revenue to ProLine.

20.     Yates stole range hoods from ProLine's inventory to deliver to consumers who made purchases on the Yates Website.

21.     Yates never compensated ProLine for the range hoods he stole.

22.     Yates' theft of ProLine inventory has caused damages that will be subject to proof at trial.

**D.     Yates' Hacking of ProLine's Computers**

23.     Associated with Yates' theft of ProLine range hoods, Yates also hacked into ProLine computers.

24.     Yates hacked into the email accounts of ProLine employees and deleted email messages related to the Yates Website business.

25.     Yates attempted to hack into other DZV employee's personal email account on multiple occasions.

26.     Yates logged into the accounts of ProLine employees to terminate their connections.

27.     Yates stored hacked passwords for ProLine employees in his computer keychain.

## FIRST CLAIM FOR RELIEF
### Copyright Infringement, 17 U.S.C. § 501

28.     DZV repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 27 above as though fully set forth herein.

29.     Yates has directly, contributorily and vicariously infringed DZV's copyrights by making, distributing, and displaying illegal and unauthorized reproductions and derivative works of the ProLine Website.

30.     Yates' infringement of DZV's copyrights has caused harm to DZV and has allowed Yates to reap a substantial commercial advantage.

31.     Yates' infringement of DZV's copyrights has been willful.

32.     As a direct and proximate result of Yates' copyright infringement, DZV has been and will continue to be damaged in an amount to be proven at trial, in a manner and amount that cannot be fully quantified or compensated in economic terms, and for which there is no adequate remedy at law.  Such irreparable harm will continue unless Yates' acts complained of herein are enjoined during the pendency of this action and permanently thereafter.

## SECOND CLAIM FOR RELIEF
### False Advertising, 15 U.S.C. § 1125(a)

33.     DZV repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 32 above as though fully set forth herein.

34.     Yates, in connection with his sale of range hoods, has used ProLine words, terms, names, and symbols.

35.     Yates has also, in connection with his sale of range hoods, employed false designations of origin, and false or misleading descriptions and representations of fact.

81149261.1 0054342-00002

36.     These actions by Yates have, and are likely to continue to cause confusion, mistake, and deceive as to affiliation, association, origin, sponsorship, or approval of the range hoods he sold.

37.     As a direct and proximate result of Yates' actions, DZV has been damaged in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### Computer Fraud and Abuse Act, 18 U.S.C. § 1030

38.     DZV repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 37 above as though fully set forth herein.

39.     Yates, in connection with his sale of range hoods, gained unauthorized access to ProLine's protected computers.

40.     Yates' access of ProLine computers was done with the intent to obtain information, further a fraud, and to damage ProLine computer data.

41.     Through unauthorized access, Yates was able to obtain ProLine information, further a fraud, and damage ProLine's computer data.

42.     As a direct and proximate result of Yates' actions, DZV has been damaged in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
### Stored Communications Act, 18 U.S.C. § 2701

43.     DZV repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 42 above as though fully set forth herein.

44.     Yates, in connection with his sale of range hoods, exceeded his authorized access to ProLine's facility housing ProLine's computers.

45.     Through Yates' unauthorized access he obtained and altered electronic communications.

46.     As a direct and proximate result of Yates' actions, DZV has been damaged in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### Trademark Dilution, Utah Code Ann. § 70-3a-403

47.     DZV repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 46 above as though fully set forth herein.

48.     The ProLine Mark has acquired distinctiveness and is famous in Utah.

49.     Yates began commercial use of the ProLine Mark after the Mark had become famous.

50.     Yates' use and appropriation of the ProLine Mark caused and continues to cause dilution of the distinctive quality of the Mark by lessening its capacity to identify and distinguish goods or services, or by creating a likelihood of confusion, mistake or deception.

51.     Yates' actions constitute trademark dilution in violation of Utah Code Ann. § 70-3a-403.

52.     Unless enjoined, Yates will continue to cause irreparable harm to the goodwill and reputation of DZV and ProLine.

53.     As a direct and proximate result of Yates' wrongful acts, DZV has suffered pecuniary damages from Yates' actions in an amount to be determined at trial.

54.     Yates' willfully intended to trade on DZV's reputation and/or to cause dilution of DZV's famous Mark, and diluted the Mark with knowledge or in bad faith.  DZV is therefore

entitled to the remedies in Utah Code Ann. § 70-3a-404, including treble profits and/or damages, attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF
**Common Law Trademark Infringement**

55.     DZV repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 54 above as though fully set forth herein.

56.     DZV is the owner of the Mark, and the consuming public recognizes the Mark as being distinctive, and as an identifier of the high quality products associated with DZV.

57.     DZV's Mark is arbitrary.

58.     DZV's Mark has acquired secondary meaning.

59.     Notwithstanding DZV's well-known prior rights in the Mark, Yates uses and has used the Mark in connection with the Yates Website by selling products that directly compete with DZV.

60.     Yates' use of the Mark in connection with goods in commerce that directly compete with DZV is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of such goods or services.

61.     Yates' use of the Mark is also likely to cause initial interest and other confusion among users and potential users of DZV goods.

62.     Yates' actions constitute common law trademark infringement.

63.     Yates will continue, unless enjoined, to cause irreparable harm to, and injury to the goodwill and reputation of DZV.

64.     As a direct and proximate result of Yates' wrongful acts, DZV has also suffered pecuniary damages from Yates' actions in an amount to be determined at trial.

81149261.1 0054342-00002

## SEVENTH CLAIM FOR RELIEF
### Deceptive Trade Practices, Utah Code Ann. § 13-11a-3 *et seq.*

65.     DZV repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 64 above as though fully set forth herein.

66.     Yates has engaged in deceptive methods of competition by intentionally using and continuing to use the Mark in connection with goods or services in commerce, in a manner that is likely to cause confusion, mistake, or deception as to the source, sponsorship, approval or certification of such goods or services.

67.     Yates' actions constitute deceptive trade practices under Utah Code § 13-11a-3.

68.     Based on the foregoing, DZV is entitled to declaratory, injunctive and monetary relief against Yates, along with its attorneys' fees and costs, pursuant to at least Utah Code § 13-11a-4(2)(a), (b) and (c).

## EIGHTH CLAIM FOR RELIEF
### Unfair Competition, Utah Code Ann. § 13-5a-101 *et seq.*

69.     DZV repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 68 above as though fully set forth herein.

70.     Yates, by his actions set forth above, has engaged in intentional business acts or practices that are unlawful, unfair and fraudulent, and which have caused a material diminution in the value of the trademarks held by DZV, including, but not limited to, the Mark, and also constitute infringement of such trademarks, and has thereby engaged in unfair competition pursuant to Utah Code § 13-5a-102(4).

71.     Yates has engaged in unfair competition in willful and deliberate disregard of the rights of DZV and the consuming public.

81149261.1 0054342-00002

72.     Due to Yates' unfair competition practices, DZV has suffered damages and irreparable harm.

73.     Yates' conduct, as set forth above, gives rise to a cause of action for unfair competition under Utah Code § 13-5a-101 *et seq.*

74.     Based on the foregoing, DZV is entitled to declaratory, injunctive and monetary relief against Yates, along with its attorneys' fees and costs.

### NINTH CLAIM FOR RELIEF
**Common Law Unfair Competition**

75.     DZV repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 74 above as though fully set forth herein.

76.     Yates' actions constitute unfair competition by misappropriation of DZV's labors and expenditures in violation of the common law.

77.     Yates' actions constitute unfair competition by dilution and impairment of the ability of consumers to identify the commercial source of DZV's products.

78.     As a direct and proximate result of Yates' wrongful acts, DZV has suffered and continues to suffer damages, in an amount to be determined at trial.

79.     Based on the foregoing, DZV is entitled to declaratory, injunctive and monetary relief against Yates, along with its attorneys' fees and costs.

80.     Because Yates' actions were and continue to be willful and/or reckless, with the intent to profit and/or cause confusion, mistake and/or deception, DZV is entitled to punitive damages.

81149261.1 0054342-00002

## TENTH CLAIM FOR RELIEF
### Intentional Interference with Economic Relations

81.     DZV repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 80 above as though fully set forth herein.

82.     Yates intentionally interfered with DZV's existing and potential economic relations by intercepting consumers that intended to purchase goods from ProLine and redirecting them to the Yates Website.

83.     Yates' use of DZV's Mark to attract customers constitutes improper means.

84.     Yates' interception of calls directed to ProLine constitutes further improper means.

85.     As a direct and proximate result of Yates' wrongful acts, DZV has suffered and continues to suffer damages, in an amount to be determined at trial.

86.     Based on the foregoing, DZV is entitled to declaratory, injunctive and monetary relief against Yates, along with its attorneys' fees and costs.

## ELEVENTH CLAIM FOR RELIEF
### Conversion

87.     DZV repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 86 above as though fully set forth herein.

88.     Yates intentionally deprived ProLine of possession of its range hoods.

89.     Yates' actions were without lawful justification.

90.     As a direct and proximate result of Yates' wrongful acts, DZV has suffered and continues to suffer damages, in an amount to be determined at trial.

81149261.1 0054342-00002

## TWELFTH CLAIM FOR RELIEF
### Unjust Enrichment

91.     DZV repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 90 above as though fully set forth herein.

92.     ProLine conferred a benefit on Yates by unintentionally providing customers to Yates.

93.     ProLine conferred a benefit on Yates by unintentionally providing range hoods to Yates.

94.     ProLine conferred a benefit on Yates by unintentionally providing the infrastructure necessary for Yates to sell range hoods.

95.     Yates appreciated the benefits conferred upon him.

96.     Yates accepted and retained the benefits under circumstances that made it inequitable for him to retain them without paying for their value.

97.     As a direct and proximate result of Yates' wrongful acts, DZV has suffered and continues to suffer damages, in an amount to be determined at trial.

## THIRTEENTH CLAIM FOR RELIEF
### Pattern of Unlawful Activity, Utah Code Ann. § 76-10-1603

98.     DZV repeats and incorporates by reference the allegations set forth in Paragraphs 1-97 above as though fully set forth herein.

99. Yates engaged in conduct that constitutes the commission of at least three non-isolated episodes of unlawful activity, as that term is defined under Utah Code Ann. § 76-10-1602(4).

100.     Specifically, Yates committed at least the following acts:

-12-

a.  Theft, as defined by Utah Criminal Code Ann. § 76-6-404;

b.  Theft by deception, as defined by Utah Criminal Code Ann. § 76-6-405;

c.  Receiving stolen property, as defined by Utah Criminal Code Ann. § 76-6-408;

d.  Computer crimes, as defined by Utah Criminal Code Ann. § 76-6-703;

e.  Obstruction of justice, as defined by Utah Criminal Code Ann. § 76-8-306;

f.  Tampering with evidence, as defined by Utah Criminal Code Ann. § 76-8-510.5;

g.  Forging or counterfeiting trademarks and trade names, as defined by Utah Criminal Code Ann. § 76-10-1002;

h.  Selling goods under counterfeited trademark and trade name, as defined by Utah Criminal Code Ann. § 76-10-1003; and

i.  Communications fraud, as defined by Utah Criminal Code Ann. § 76-10-1801;

101.    As a result of Yates' multiple episodes of unlawful activity, DZV has suffered and continues to suffer damages in an amount to be proven at trial.

102.    Pursuant to Utah Code Ann. § 76-10-1605, Yates is civilly liable to DZV for twice the damages it has sustained, plus attorney fees.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, DZV respectfully prays for final judgment against Yates as follows:

1.    For an injunction preventing Yates from selling or disposing of any of ProLine's assets in his possession;

2.    For an injunction preventing Yates from contacting any of ProLine's customers;

3.    For an injunction preventing Yates from accessing or tampering with any of ProLine's computers, the ProLine Website, or the email accounts of any of ProLine's employees;

-13-

4.     For a writ of attachment allowing ProLine to retake possession of any ProLine assets currently in Yates' possession;

5.     For an accounting of all Yates' business activities during the period of the consultancy;

6.     For a disgorgement of profits earned by Yates in selling ProLine's range hoods;

7.     For damages suffered by DZV as a result of Yates' improper actions;

8.     For double and treble damages as provided by statute;

9.     For punitive damages as a result of Yates' willful actions;

10.    For a recovery of the attorneys' fees and costs incurred by DZV in pursing this action; and

11.    For other relief as the Court deems just and proper.


Dated:  February 3, 2016

STOEL RIVES LLP


/s/ *Lauren Hosler*
Mark E. Hindley
Landon A. Allred
Lauren E. Hosler
*Attorneys for Plaintiff*
*DZV Distributing LLC*

-14-